ALLACCESS LAW GROUP
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone:    (408) 295-0137
Facsimile:    (408) 295-0142

Attorneys for JAZMIN GUERRA, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAZMIN GUERRA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>MONTAGE HEALTH; COMMUNITY HOSPITAL OF THE MONTEREY PENINSULA,<br><br>　　　　　　Defendants | Case No. 22-cv-2882-EJD<br><br>**JOINT TRIAL SETTING CONFERENCE STATEMENT**<br><br>Date:　　　February 22, 2024<br><br>Time:　　　11: 00 a.m.<br><br>Location:　Courtroom 4, 5th Floor<br><br>Assigned to: Hon. Edward J. Davila |

JAZMIN GUERRA ("Plaintiff") and MONTAGE HEALTH; COMMUNITY HOSPITAL OF THE MONTEREY PENINSULA ("Defendants") submit the following Joint Trial Setting Conference Statement in anticipation of the Joint Trial Setting Conference scheduled for February 22, 2024:

1. **JURISDICTION**

Plaintiff asserts that this Court possesses subject matter jurisdiction over this action, invoking federal question jurisdiction (28 U.S.C. §§ 1331) under the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.), alongside supplemental jurisdiction for related state-law claims. 28 U.S.C. §1367. Plaintiff also contends that diversity jurisdiction under 28 U.S.C. § 1332 further establishes the Court's jurisdiction over this matter.

2. **SUBSTANCE OF THE ACTION**

    a. **The Parties**

Plaintiff lives with generalized anxiety disorder, social anxiety, panic disorder, and ADHD. These mental health conditions significantly hinder her ability to communicate and interact with people—a major disability in her life. These mental health conditions make it particularly hard for her to interact with others consistently when under stress. Additionally, visits to healthcare facilities are a major source of stress for her, due to her traumatic history of being diagnosed with and undergoing treatment for stage 4 Wilms Tumor, a serious childhood cancer, at just 14 years old. This has exacerbated her disabilities, especially in medical contexts. As such, Plaintiff qualifies as a person with disabilities under the ADA and related California law. Throughout the relevant period, she has been and remains a resident of Reno, Nevada.

Defendants are the owns and operators of the Community Hospital of the Monterey Peninsula ("CHOMP") in Monterey, California.

b. **Plaintiff's Summary of the Facts:**[1]

On October 27, 2021, Plaintiff sought medical attention at CHOMP due to concerning health issues. Upon her arrival, she was faced with the refusal of her husband's accompaniment inside the treatment area, a measure Defendants justified by COVID-19 protocols. This was despite her explicit communication to the staff about her disabilities and the critical role her husband plays in providing necessary support as a reasonable accommodation. This denial precipitated a severe panic attack. Throughout her stay, she encountered a lack of empathy from the staff regarding her condition and the urgent requests for her husband's support, which significantly intensified her anxiety. Her attempts to assert her rights under the Americans with Disabilities Act were overlooked, leading her to believe she was discharged prematurely without a thorough resolution of her medical concerns. Following an outreach to local news media about her ordeal, Defendants acknowledged the situation by initiating an internal investigation. But Plaintiff has yet to be updated on its findings. Considering her regular visits to Monterey for family gatherings, Plaintiff anticipates returning to CHOMP for future medical necessities.

c. **Defendants' Statement**

The plaintiff was seen on October 27, 2021 in the emergency department at Community Hospital of the Monterey Peninsula for nausea and vomiting. At the time the hospital had implemented Covid-specific policies for the emergency department that included a policy excluding any non-patient visitor. When told of this Ms. Guerra became upset and started yelling at the staff. She was offered accommodations, including using Facetime to talk to her husband, and mediation for anxiety. She unreasonably refused each.

Ms. Guerra was seen and examined like any other patient. Her claimed disability did not interfere with her ability to be seen and treated. There was no service that she could identify she needed her husband to perform for her, and there was no service she was not able to receive despite his absence. The gist of her claim was that she was angry because she felt she was entitled to have her husband accompany her.

---

[1] These factual allegations are more thoroughly detailed in Plaintiff's Complaint.

The policy that was in place at the time was a temporary policy placed because of the ongoing Covid pandemic. That policy was later rescinded as the pandemic abated, and is no longer in place.

    **d. Factual Issues in Dispute**

1. Whether Plaintiff is a person with a disability as defined by the ADA and California law.
2. Whether Plaintiff was denied reasonable accommodations.
3. Whether Plaintiff was denied auxiliary aids and services.

    **e. Relief Sought**

Plaintiff seeks injunctive relief under the ADA and the Unruh Civil Rights Act. Plaintiff also seeks damages under the ADA and either the Unruh Act, or the California Disabled Persons Act, but not both. Lastly, Plaintiff seeks recovery of reasonable attorney fees, costs, and litigation expenses under the ADA and California law.

**3. LEGAL ISSUES**

(1) Whether Plaintiff was subjected to discrimination under 42 U.S.C. § 12182

(2) Whether Plaintiff was subjected to discrimination under the California Unruh Civil Rights Act (Cal. Civ. Code § 51, et seq.)

(3) Whether Plaintiff was subjected to discrimination under the California Disabled Persons Act (Cal. Civ. Code § 54, et seq.)

(4) Whether the Defendants' actions amount to intentional discrimination as defined by California Civil Code § 51, et seq., thus establishing grounds for Unruh Act violations independent of the ADA claim.

(5) Whether Defendants violated 28 C.F.R. § 36.302.

(6) Whether Defendants violated 28 CFR § 36.303.

**4. MOTIONS**

There has been no motion practice to date. Plaintiff anticipates moving for summary judgment after discovery is complete. In accordance with the Court's Standing Order, Plaintiff will meet and confer with Defendants before the deadline for dispositive motions to determine whether they will file cross-motions for summary judgment. There are no pending motions.

The defendant plans on filing a motion for summary judgement, as well.

## 5. DISCOVERY

The parties have partially completed discovery, with Plaintiff propounding written discovery requests, Defendants taking the Plaintiff's deposition, and Plaintiff deposing her treating nurse from CHOMP. Plaintiff plans to undertake additional written discovery and seeks to arrange a 30(b)(6) deposition in early March. However, Defendants' counsel has indicated a likely unavailability during this period due to another trial. The parties are thus jointly requesting that the Court extend the fact discovery deadline to April 30, 2024. At this stage, they do not foresee the need for further alterations to the Case Management Order.

## 6. SETTLEMENT AND ADR

The parties participated in mediation as mandated by General Order No. 56 but did not achieve a settlement. They believe that a settlement conference presided over by a magistrate judge would be appropriate following the court's decision on their expected dispositive motions.

## 7. BIFURCATION AND SEPARATE TRIAL OF ISSUES

The parties do not believe there needs to be bifurcation or a separation trial of specific issues.

## 8. TRIAL

The parties will be ready for trial within three months of the Court ruling on their summary judgment motions. If the court determines after the summary judgment motions that there are facts in dispute, the parties request a jury trial. The parties expect that the trial will take 3-4 days.

## 9. SCHEDULING

The parties request that the fact discovery deadline be continued to April 30, 2024.

**10. OTHER MATTERS**

None

Respectfully submitted,

Dated: February 12, 2024            */s/ Irakli Karbelashvili*
                                    Irakli Karbelashvili, Attorney for
                                    Plaintiff

Dated: February 12, 2024            */s/ Cyrus A. Tabari*
                                    Cyrus A. Tabari,
                                    Attorney for Defendants

## Filer's Attestation

I, Irakli Karbelashvili, attest that I received concurrence from the signatories in the filing of this document.

*/s/ Irakli Karbelashvili*
Irakli Karbelashvili